UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MARGARET GREEN,** | ) Case No. |
| | ) |
| Plaintiff, | ) |
| | ) **COMPLAINT** |
| | ) |
| | ) |
| vs. | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| | ) |
| | ) |
| **FEDERAL BOND AND COLLECTION SERVICES ,** | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

# INTRODUCTION

1.  MARGARET GREEN ("Plaintiff") brings this action against FEDERAL BOND AND COLLECTION SERVICES ("Defendant"), for violations of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. 1692 *et. seq.*

# JURISDICTION AND VENUE

2.  Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual residing in Georgia and in this Judicial District.

5. Defendant is a national consumer collection agency whose principal purpose includes collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due. Defendant regularly uses the telephone and the mail to engage in the business of collecting debt in several states including Georgia.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the FDCPA.

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## FACTUAL ALLEGATIONS

8. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect an alleged debt.

9. Upon information and belief, Plaintiff's alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for

personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

10.     At all times relevant to this action, Defendant owned, operated and/or controlled telephone number (678)-701-4640.  At all times relevant to this action, Defendant called Plaintiff from, but not limited to, the forgoing telephone numbers for the purpose of collecting the alleged debt.

11.     Within one year prior to the filing of this action, Defendant constantly and continuously contacted Plaintiff at Plaintiff's cellular telephone number (678)-328-0497.

12.     Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring or engaged Plaintiff in telephone conversations repeatedly, often calling on a near-daily basis.

13. Despite Plaintiff explaining her financial situation (a limited income, and on Social Security) and asking Defendant to cease the calls, the calls have continued. As an illustrative example Defendant called the Plaintiff's telephone on October 13, 2015 at 3:30 PM, October 28, 2015 at 3:13 PM, October 29, 2015 at 2:36 PM, October 30, 2015 at 5:31 PM, November 2, 2015 at 2:14 PM, 4:36 PM and 5:35 PM, November 3, 2015 at 11:05 PM, November 4, 2015 at 5:06 PM.

14. Additionally, Defendant threatened to file a lawsuit against Plaintiff if she did not make an arrangement to pay alleged debt.  Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

## FIRST CAUSE OF ACTION
### Violations of Fair Debt Collection Practices Act
### 15 U.S.C. § 1692 et seq.

14. Plaintiff repeats and incorporates by reference into this cause of action all of the above paragraphs as though fully stated herein.

15. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a) Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   b) Defendant violated 15 U.S.C. §1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

   c) Defendant violated 15 U.S.C. §1692e(4) by the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

   d) Defendant violated 15 U.S.C. §1692e(5) by the threat to take any action that cannot legally be taken or that is not intended to be taken.

   e) Defendant violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

16. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of both the intentional and/or negligent FDCPA, in amounts to be determined at trial and for Plaintiff.

b) Statutory damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A)

c) Costs and reasonable attorney's fees pursuant to pursuant to 15 U.S.C. § 1692k(a)(3) and

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

e) For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

DATED**:** July 26, 2016

RESPECTFULLY SUBMITTED,

By: */s/ Benjamin H. Crumley*

Benjamin H. Crumley, Esq.
Georgia Bar No.: 199465
CRUMLEY & WOLFE, P.A.
140 The Lakes Blvd., Suite 202
Kingsland, GA 31548
Telephone:  (912) 673-7499
Facsimile:  (904) 374-0113
Email:  ben@cwbfl.com
*Attorney for Plaintiff*